**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
**www.flsb.uscourts.gov**

In re:

**ANNA MARIA SANDER,S**                    **Case No. 13-11065-BKC-JKO**

      **Debtor.**                               **Chapter 11 Case**

_____/

### APPLICATION OF THE DEBTOR FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF TALARCHYK MERRILL, LLC AS ATTORNEYS FOR THE DEBTOR-IN-POSSESSION, *NUNC PRO TUNC*

**ANNA MARIA SANDERS** ("Debtor") debtor-in-possession in the above-captioned Chapter 11 case seek entry of an final order authorizing the Debtors to employ **TALARCHYK MERRILL, LLC** ("TALARCHYK MERRILL"), as the Debtor's attorneys, *nunc pro tunc* to the Petition Date, in this Chapter 11 case. In support of this application, the Debtor submits the *Verified Statement Of Tina M. Talarchyk In Support Of Application Of The Debtor For Entry Of Order Authorizing The Retention And Employment Of TALARCHYK MERRILL, LLC As Attorneys For The Debtor And Debtor-In-Possession* ("Verification"), which is filed contemporaneously and in support states:

### JURISDICTION AND VENUE

1.      On January 17, 2013, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code"), which case is pending before the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

2.      This Court has jurisdiction over this Chapter 11 case ("Chapter 11 Case") under 28 U.S.C. §§ 157 and 1334.  These matters constitute core proceedings under 28 U.S.C. § 157(b)(2).

3.      The statutory predicates for the relief requested herein are Sections 327(a) and 329 of the Bankruptcy Code, Rules 2014(a), 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules.

4.      No trustee or examiner has been appointed in this case.

## QUALIFICATIONS OF TALARCHYK MERRILL

13.      TALARCHYK MERRILL is particularly suited to serve as the Debtors' restructuring counsel in this case. TALARCHYK MERRILL has broad-based practice groups with expertise in virtually all areas of law that may be significant in this case, including, for example, bankruptcy and restructuring, corporate finance, and commercial litigation. Moreover, TALARCHYK MERRILL possesses expertise in bankruptcy matters, having been actively involved in Chapter 11 cases in Florida, Delaware and California including, the following: 2Connect, Inc.; Winn-Dixie Stores, Inc.; Empire Toys, Inc.; CHS Electronics, Inc.; Fine Air Services, Inc.; Roadhouse Grill, Inc.; Supra Telecom; Carematrix Corp.; Roney Associates, et al.; Professional Center; Renaissance Cruises; R.J. Gators, Inc.; Continuum Care; South Stevedoring, Inc., NetWolves, Inc; Premier Mortgage; United Information Systems; Harrington & Co., Inc.; Yokasta Martinez; Falcon Air (Wilson Air adversary); AlphaMed Pharmaceuticals (Arriva Adversary); E.S. Bankest; Blue Fish Concierge; Michael Fielding (ancillary proceeding); Jeffrey Saull; Grove Towers; PBG of Marco, Inc.; Quinn; Patrick Bohn; Cell Station;

Charles Beckham; Renee Newell; Premier Mortgage Funding, Inc.; Ricardo Urdanivia; Edgerton Wright; Pan American Hospital; and Chestnut Hill Rehab Hospital, LLC.;  All American Semiconductor, Inc. et al.; Mercedes Homes, Inc., et al.; United Petroleum (Farm Stores); Renaissance Cruises;; Abraham Gosman; Avteam, Inc.; and Crane Point; A Wizard, Inc., Visteon Corporation, et al.; Certified, Inc.; United Information Services, TOUS, et. al.; A+A Auto Salvage, Inc., In re Brent Crowe, In re: Cyber Electronics, In re: Oil Depot, In re William Wayne Schroeder, In re Anthony Torraco, In re Valiant Healthcare, In re Michael Solari, In re: Sai Flora, LLC; In re:Thomas Kass; In re Riviera Beach Yacht Club, LLC; In re Michael Hunter.

5.    TALARCHYK MERRILL has a detailed familiarity with the Debtor's financial affairs through its pre-petition representation of the Debtor.  The Debtor engaged TALARCHYK MERRILL to help plan and implement the Debtor's restructuring and to serve as general bankruptcy counsel in connection with this Chapter 11 Case in light of TALARCHYK MERRILL's expertise in Chapter 11 reorganizations. TALARCHYK MERRILL has the necessary background to deal effectively with the full range of potential legal issues and problems that may arise in the context of this Chapter 11 Case.

6.    TALARCHYK MERRILL believes it has assembled the qualified attorneys to service the Debtor during her reorganization efforts. Ms. Talarchyk is a partner in TALARCHYK MERRILL' Corporate Restructuring and Reorganization Department and will coordinate the representation of the Debtor in this case. Ms. Talarchyk has over 18 years' experience in reorganization cases, including lead debtor, creditor committee and secured creditor representations.  Her partner, David L. Merrill has over 15 years of

experience in reorganization cases, including lead debtor representations. He has also

represented numerous lenders and creditors' committees in cases.

## SERVICES TO BE RENDERED

7.    The Debtor proposes to retain TALARCHYK MERRILL to render the

following services:

a.    advise the Debtor with respect to its powers and duties as debtors-in-possession in the continued management and operation of their business and property;

b.    attend meetings and negotiate with representatives of creditors and other parties in interest and advising and consulting on the conduct of this Chapter 11 Case, including all of the legal and administrative requirements of operating in Chapter 11;

c.    assist the Debtor with the preparation of their documents and pleadings to be filed in this case;

d.    advise the Debtor in connection with any contemplated sales of assets or business combinations, including the negotiation of asset, stock, purchase, merger or joint venture agreements, formulate and implement appropriate procedures with respect to the closing of any such transactions, and counseling the Debtor in connection with such transactions;

e.    advise the Debtor in connection with any post-petition financing and cash collateral arrangements and negotiating and drafting documents relating thereto, providing advice and counsel with respect to pre-petition financing arrangements, and negotiating and drafting documents relating thereto;

f.    advise the Debtor on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

g.    advise the Debtor with respect to legal issues arising in or relating to the Debtor's ordinary course of business including attendance at senior management meetings, meetings with the Debtor's financial and turnaround advisors and meetings of the board of directors;

h.  take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on their behalf, the defense of any actions commenced against her, negotiations concerning all litigation in which the Debtor is involved and objecting to claims filed against the Debtor's estate;

i.  prepare, on the Debtor's behalf, all motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

j.  negotiate and prepare, on the Debtor's behalf, a plan of reorganization, disclosure statement and all related agreements and/or documents and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan;

k.  attend meetings with third parties and participate in negotiations with respect to the above matters;

l.  appear before this Court, any appellate courts and the United States Trustee and protecting the interests of the Debtor's estate before such courts and the United States Trustee; and

m.  perform all other necessary legal services and providing all other necessary legal advice to the Debtor's in connection with these Chapter 11 Cases.

(Talarchyk Statement).

8.  TALARCHYK MERRILL has stated its willingness to act in this Chapter 11 Case and to render the necessary professional services as attorneys for the Debtor. (Talarchyk Statement).

## DISINTERESTEDNESS

14.  To the best of the Debtor's knowledge, information and belief, TALARCHYK MERRILL does not hold or represent an interest adverse to the Debtor's estates and is a "disinterested person," as that term is defined in Bankruptcy Code § 101(14) and modified by Bankruptcy Code § 1107(b), with respect to the matters for which it is to be retained.  To the best of the Debtor's knowledge, information, and

belief, the partners, counsel, and associates of TALARCHYK MERRILL do not have any connection with the Debtor or their creditors, estate, any United States District Judge or United States Bankruptcy Judge for the Southern District of Florida, the United States Trustee or any person employed in the office of the United States Trustee for Region 21, or any other party-in-interest, or their respective attorneys and accountants.

15.    TALARCHYK MERRILL has conducted a preliminary conflicts check, through a search of its client database and direct communications with its attorneys within TALARCHYK MERRILL, regarding its connections with the Debtor and other parties in interest (collectively, the "Potential Parties-in-Interest").    A search of TALARCHYK MERRILL's client database is designed to reveal any representation of, or potential conflict with, the entity searched or any known subsidiary or affiliate. A list of the Potential Parties-in-Interest that were the subject matter of TALARCHYK MERRILL's preliminary conflicts search was completed.  This search was as complete as possible under the circumstances, but TALARCHYK MERRILL recognizes that additional disclosures may be necessary pending completion of the conflicts check. TALARCHYK MERRILL will supplement its disclosures as necessary or appropriate.

16.    To the best of my knowledge as of the date of this application, TALARCHYK MERRILL does not represent any entity adverse to the interests of the Debtor.

17.    To the best of my knowledge, and based on the investigation above, no attorneys now with TALARCHYK MERRILL represented the Debtor while previously employed at other law firms.

18.    To the best of my knowledge, neither TALARCHYK MERRILL nor any

attorney at TALARCHYK MERRILL is or was a creditor, an equity security holder, or an insider of the Debtor.

19.    To the best of my knowledge, neither TALARCHYK MERRILL nor any attorney at TALARCHYK MERRILL is or was, within two years before the Petition Date, a director, officer or employee of the Debtor.

20.    To the best of my knowledge, TALARCHYK MERRILL does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason.

21.    TALARCHYK MERRILL will maintain an ongoing inquiry regarding the Potential Parties-in-Interest and, if appropriate, will file promptly with the Court any appropriate supplemental disclosure that becomes necessary.

22.    In view of the foregoing, TALARCHYK MERRILL is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

## COMPENSATION

21.    Before the Petition Date, the Debtors retained TALARCHYK MERRILL to represent it in connection with its present efforts to restructure their businesses.

23.    On or about January 14, 2013, in accordance with TALARCHYK MERRILL's engagement agreement was hired by the Debtor. TALARCHYK MERRILL requested and received a retainer in the total amount of $$23,787.00 for professional services rendered and to be rendered and charges and disbursements incurred by TALARCHYK MERRILL in connection with such services (the "Retainer") and the $1213.00 filing fee.

22.    As of the Petition Date, TALARCHYK MERRILL had been compensated for all known fees and reimbursed for all known expenses incurred before the Petition Date.  The entire Retainer remained unapplied as of January 14, 2013.  TALARCHYK MERRILL reserves the right to apply certain amounts of the Retainer to fees and expenses accrued before the Petition Date but not discovered or otherwise accounted for until after the Petition Date.  TALARCHYK MERRILL will retain all remaining amounts of the Retainer in trust during the pendency of this case to be applied to any professional fees, charges and disbursements that remain unpaid at the end of the Chapter 11 Case.

23.    TALARCHYK MERRILL will provide the Debtor with periodic (no less than monthly) invoices for services rendered and disbursements incurred.  During the course of this Chapter 11 Case, the issuance of periodic invoices will constitute requests for interim payment against the total reasonable fees and reimbursable expenses to be determined at the conclusion of this Chapter 11 Case.  Interim and final payments are to be made on account of such invoices only in accordance with orders of the Court.

24.    For professional services, TALARCHYK MERRILL's fees are based in part on its customary hourly rates, which are periodically adjusted in accordance with TALARCHYK MERRILL's policy.  Based upon the engagement agreement, TALARCHYK MERRILL and the Debtor have agreed that TALARCHYK MERRILL's bundled rate structure will apply to this case and, therefore, TALARCHYK MERRILL will not be seeking to be separately compensated for certain staff, clerical and resource charges.  Presently, the hourly rates for TALARCHYK MERRILL professionals and para-professionals range between $450.00 to $500.00 for partners, $150.00 to $250.00

for associates, and $95.00 to $125.00 for legal assistants.  The hourly rates set forth above are subject to periodic increases in the normal course of TALARCHYK MERRILL's business, often due to the increased experience of a particular professional and changes in the prevailing legal market.

25.    Consistent with TALARCHYK MERRILL's policy with respect to their other clients, TALARCHYK MERRILL will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

26.    TALARCHYK MERRILL intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this Chapter 11 Case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of Florida, and the orders of this Court.  TALARCHYK MERRILL will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in these cases at the then-current rate charged for such services on a non-bankruptcy matter.  The current, standard, hourly rates for TALARCHYK MERRILL professionals and paraprofessionals are set forth in this Statement.

27.    TALARCHYK MERRILL has agreed to accept as compensation such sums as may be allowed by the Court on the basis of: (i) the professional time spent; (ii) the rates charged for such services; (iii) the necessity of such services to the

administration of the estate; (iv) the reasonableness of the time within which the services were performed in relation to the results achieved; and (v) the complexity, importance, and nature of the problems, issues, or tasks addressed in this case.

28.    Other than as set forth above, no arrangement is proposed between the Debtor and TALARCHYK MERRILL for compensation to be paid in this Chapter 11 Case. (Talarchyk Statement).

29.    The Debtor respectfully submit that the fee arrangement with TALARCHYK MERRILL , as set forth above, is similar to fee arrangements that have been authorized in other Chapter 11 cases in which TALARCHYK MERRILL  has rendered services, is reasonable in light of industry practice, is similar to market rates both in and out of Chapter 11 proceedings, is reasonable in light of TALARCHYK MERRILL ' experience in reorganizations, and is reasonable in light of the scope of the work to be performed pursuant to its retention.  The Debtor believes that, given the nature of the services to be provided, the fee structure is both fair and reasonable.

30.    The Debtor believes that TALARCHYK MERRILL is both qualified and able to represent them effectively and efficiently in this Chapter 11 Case.  The resources and experience of TALARCHYK MERRILL in advising the Debtor is crucial to the Debtor's successful restructuring.  As such, the Debtor believes that the retention of TALARCHYK MERRILL is in the best interest of the Debtor, the estate, creditors and other  parties-in-interest.    Accordingly,  the  Debtor  requests  that  TALARCHYK MERRILL's retention as counsel be approved and made effective as of the Petition Date.

## RELIEF REQUESTED AND AUTHORITY

31.    By this Application, the Debtor seeks to employ and retain TALARCHYK MERRILL  as their restructuring and bankruptcy counsel with regard to the filing of her Chapter 11 petition and prosecution of this Chapter 11 Case.  Accordingly, the Debtor respectfully requests entry of an order under Sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 6003, and Local Rules 2014-1 and 2016-1 authorizing the Debtor to employ and retain TALARCHYK MERRILL as  her attorneys in accordance with the terms and conditions set forth in the parties' engagement.

32.    Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

11 U.S.C. § 327(a)

33.    Under Bankruptcy Rule 6003, the Court may grant relief regarding an application to retain a professional under Bankruptcy Rule 2014 within 20 days after the filing of a petition to the extent the relief is necessary to avoid immediate and irreparable harm.  Rule 6003 does not, however, expressly prevent courts from entering interim orders approving professional retentions during the first 20 days of Chapter 11 cases. *See, e.g.*, *First NLC Fin. Servs.*, *LLC*, No. 08-10632, 2008 Bankr. LEXIS 1466 at *6-7 (Bankr. S.D. Fla. Jan. 28, 2008) (approving interim retention of legal counsel and financial advisor within first 20 days of the Chapter 11 case).

34.    Relief is clearly justified and appropriate in the context of this Application. *See, e.g., Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *see also In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981).

35.    Accordingly, the Debtor is technically unable to proceed in this Chapter 11 Case without this Court's approval of TALARCHYK MERRILL as its counsel.  The Debtor would be unable to seek the essential relief needed in the Chapter 11 Case.

36.    In addition, the Debtor requires TALARCHYK MERRILL's advice with respect to many of her key issues streams during this critical period.  Among other things, the Debtor will need TALARCHYK MERRILL's advice in stabilizing operations, negotiating with key creditor constitutions, utilizing the tools available in Chapter 11 to restructure the Debtor and her businesses and constructing a business plan and plan of reorganization and defining the Debtor after confirmation.  Failure to have all of TALARCHYK MERRILL's resources readily available will severely hamper the Debtor's restructuring efforts and could jeopardize the ultimate outcome of this Chapter 11 Case.

37.    Therefore, the Debtor submits that she has satisfied the requirements of Bankruptcy Rule 6003 to support immediate entry of an Order authorizing the Debtor to retain and employ TALARCHYK MERRILL and to compensate TALARCHYK MERRILL for any services rendered during that interim period in accordance with the compensation procedures established in this Chapter 11 Case.  This form of relief ensures the availability of TALARCHYK MERRILL's resources to the Debtor during this Chapter 11 Case, while preserving the ability of all parties in interest, including the U.S. Trustee, to object to this application on a final basis.

## NOTICE

38.    The Debtor has provided notice of this document to: (a) the Office of the United States Trustee for the Southern District of Florida and (b) the Internal Revenue Service.  In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter interim and final orders authorizing the Debtor's retention and employment of TALARCHYK MERRILL, LLC upon the terms outlined in this Application; and for such other relief as the court deems proper.

Dated:  January 31, 2013.                      Respectfully submitted,

By: *Anna Maria Sanders*
Anna Maria Sanders

## SERVICE MATRIX

**13-11065-JKO Notice will be electronically mailed to:**

Taji S Foreman on behalf of Creditor GMAC Mortgage, LLC
tforeman@erwlaw.com, BankruptcyECF@erwlaw.com

Owen G Hare on behalf of Creditor Wells Fargo Bank, N.A., as trustee, on behalf of the holders
of the HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series
2006-12
ohare@closingsource.net,
ohare@closingsource.net;gwise@closingsource.net;mpeery@closingsource.net;jjoshua@closin
gsource.net;nzczubelek@closingsource.net;mrobel@closingsource.net;rtitone@closingsource.n
et

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Dean R. Prober on behalf of Creditor Bank of America, N.A.
cmartin@pprlaw.net

Tina M. Talarchyk on behalf of Debtor Anna Sanders
tmt@tmbk11.com, cmecf@tmbk11.com;dlm@tmbk11.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**
**www.flsb.uscourts.gov**

In re:

ANNA MARIA SANDERS                          Case No. 13-11065-BKC-JKO

        Debtor.                          Chapter 11 Case

_____/

### AFFIDAVIT OF TINA M. TALARCHYK IN SUPPORT OF APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF TALARCHYK MERRILL, LLC AS ATTORNEYS FOR THE DEBTOR-IN-POSSESSION *NUNC PRO TUNC*

STATE of FLORIDA

COUNTY of PALM BEACH

TINA M. TALARCHYK, under penalty of perjury, states:

      1.    I am a partner in the firm of Talarchyk Merrill, LLC ("TM"), which maintains an office for the practice of law at The Worth Avenue Building, 205 Worth Avenue, Suite 320, Palm Beach, Florida 33480.  I submit this verified statement under 11 U.S.C. §§ 327 and 329 and Federal Rules of Bankruptcy Procedure 2014 and 2016 in support of the *Application of the Debtor for Entry of an Order Authorizing the Retention and Employment of **TALARCHYK MERRILL, LLC** as Attorneys for the Debtor-in-Possession and for Entry of a Final Order* (the "Application"), filed contemporaneously by *ANNA MARIA SANDERS*, in this Chapter 11 case ("Chapter 11 Case"). Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

### QUALIFICATIONS

      2.    TALARCHYK MERRILL is suited to serve as the Debtor's restructuring

counsel in this case. TALARCHYK MERRILL has broad-based practice groups with expertise in virtually all areas of law that may be significant in this case, including, for example, bankruptcy and restructuring, corporate finance, regulatory, and commercial litigation. Moreover, TALARCHYK MERRILL possesses expertise in bankruptcy matters, having been actively involved in Chapter 11 cases in Florida, Delaware and California including, the following: 2Connect, Inc.; Winn-Dixie Stores, Inc.; Empire Toys, Inc.; CHS Electronics, Inc.; Fine Air Services, Inc.; Roadhouse Grill, Inc.; Supra Telecom; Carematrix Corp.; Roney Associates, et al.; Renaissance Cruises; R.J. Gators, Inc.; Continuum Care; South Stevedoring, Inc., NetWolves, Inc; Premier Mortgage; United Information Systems; Harrington & Co., Inc.; Yokasta Martinez; Falcon Air (Wilson Air adversary); AlphaMed Pharmaceuticals (Arriva Adversary); E.S. Bankest; Blue Fish Concierge; Jeffrey Saull; Grove Towers; PBG of Marco, Inc.; Patrick Bohn; Cell Station; Charles Beckham; Renee Newell; Premier Mortgage Funding, Inc.; Ricardo Urdanivia; Edgerton Wright; Pan American Hospital; and Chestnut Hill Rehab Hospital, LLC.; All American Semiconductor, Inc. et al.; Mercedes Homes, Inc., et al.; United Petroleum (Farm Stores); Renaissance Cruises; Solopak Pharmaceuticals, Inc.; Abraham Gosman; Avteam, Inc.; A Wizard, Inc., Visteon Corporation, et al.; Certified, Inc.; United Information Services, TOUSA, et. al.; A+A Auto Salvage, Inc., United Petroleum (Farm Stores); Renaissance Cruises;; Abraham Gosman; Avteam, Inc.; and Crane Point; A Wizard, Inc., Visteon Corporation, et al.; Certified, Inc.; United Information Services, TOUS, et. al.; A+A Auto Salvage, Inc., In re Brent Crowe, In re: Cyber Electronics, In re: Oil Depot, In re William Wayne Schroeder, In re Anthony Torraco, In re Valiant Healthcare, In re Michael Solari, In re:Thomas Kass; In re Riviera

Beach Yacht Club, LLC; In re Michael Hunter.

3.      TALARCHYK MERRILL has a detailed familiarity with the Debtor's financial affairs.   The Debtor engaged TALARCHYK MERRILL to help plan and implement the Debtor's restructuring and to serve as general bankruptcy counsel in connection with the Chapter 11 Case in light of TALARCHYK MERRILL's expertise in Chapter 11 reorganizations.  TALARCHYK MERRILL has the necessary background to deal effectively with the full range of potential legal issues and problems that may arise in the context of this Chapter 11 Case.

4.      TALARCHYK MERRILL believes it has assembled attorneys to service the Debtor during her reorganization efforts.  I am a partner in TALARCHYK MERRILL and will coordinate the representation of the Debtor in this case.  I have over 18 years' experience in reorganization cases, including lead debtor representations.  My partner, David L. Merrill has over 15 years of experience in reorganization cases, including lead debtor representations.  I have also represented lenders and creditors' committees in cases.

## SERVICES TO BE RENDERED

5.      The Debtor proposes to retain TALARCHYK MERRILL to render the following services:

        a.      advise the Debtor with respect to their powers and duties as debtors-in-possession in the continued management and operation of their business and property;

        b.      attend meetings and negotiate with representatives of creditors and other parties in interest and advising and consulting on the conduct of  this Chapter 11 Case, including all of the legal and administrative requirements of operating in Chapter 11;

        c.      assist the Debtor with the preparation of papers and pleadings in

this case;

d.      advise the Debtor in connection with any contemplated sales of assets or business combinations, including the negotiation of asset, stock, purchase, merger or joint venture agreements, formulate and implement appropriate procedures with respect to the closing of any such transactions, and counseling the Debtors in connection with such transactions;

e.      advise the Debtor in connection with any post-petition financing and cash collateral arrangements and negotiating and drafting documents relating thereto, providing advice and counsel with respect to pre-petition financing arrangements, and negotiating and drafting documents relating thereto;

f.      advise the Debtor on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

g.      advise the Debtor with respect to legal issues arising in or relating to the Debtor's ordinary course of business including attendance at meetings with the Debtor's financial professionals;

h.      take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on their behalf, the defense of any actions commenced against them, negotiations concerning all litigation in which the Debtors are involved and objecting to claims filed against the Debtors' estate;

i.      prepare, on the Debtor's behalf, all motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

j.      negotiate and prepare, on the Debtor's behalf, a plan of reorganization, disclosure statement and all related agreements and/or documents and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan;

k.      attend meetings with third parties and participate in negotiations with respect to the above matters;

l.      appear before this Court, any appellate courts and the United States Trustee and protecting the interests of the Debtor's estate before such courts and the United States Trustee; and

m.   perform all other necessary legal services and providing all other necessary legal advice to the Debtor in connection with this Chapter 11 case.

6.   Subject to this Court's approval of the Application, TALARCHYK MERRILL is willing to serve as the Debtor's counsel and to perform the services described above.

## DISINTERESTEDNESS

7.   To the best of the Affiant's knowledge, information and belief, based on and other than as set forth in this Statement, TALARCHYK MERRILL does not hold or represent an interest adverse to the Debtor's estate and is a "disinterested person," as that term is defined in Bankruptcy Code § 101(14) and modified by Bankruptcy Code § 1107(b), with respect to the matters for which it is to be retained.  To the best of the Affiant's knowledge, information, and belief, based on and other than as stated in this Statement, the partners, counsel, and associates of TALARCHYK MERRILL do not have any connection with the Debtor or its creditors, estate, any United States District Judge or United States Bankruptcy Judge for the Southern District of Florida, the United States Trustee or any person employed in the office of the United States Trustee for Region 21, or any other party-in-interest, or their respective attorneys and accountants.

8.   TALARCHYK MERRILL has conducted a preliminary conflicts check, through a search of its client database and direct communications with its attorneys within TALARCHYK MERRILL, regarding its connections with the Debtor and other parties in interest (collectively, the "Potential Parties-in-Interest").   A search of TALARCHYK MERRILL' client database is designed to reveal any representation of, or potential conflict with, the entity searched or any known subsidiary or affiliate. A list of the Potential Parties-in-Interest that were the subject matter of TALARCHYK

MERRILL's preliminary conflicts search was completed.  This search was as complete as possible under the circumstances, but TALARCHYK MERRILL recognizes that additional disclosures may be necessary pending completion of the conflicts check. TALARCHYK MERRILL will supplement its disclosures as necessary or appropriate.

9.      To the best of my knowledge as of the date of this Verified Statement, TALARCHYK MERRILL does not represent any entity adverse to the interests of the Debtor.

10.     To the best of my knowledge, and based on the investigation above, no attorneys now with TALARCHYK MERRILL represented the Debtor while previously employed at other law firms.

11.     To the best of my knowledge, neither TALARCHYK MERRILL nor any attorney at TALARCHYK MERRILL is or was a creditor, an equity security holder, or an insider of the Debtor.

12.     To the best of my knowledge, neither TALARCHYK MERRILL nor any attorney at TALARCHYK MERRILL is or was, within two years before the Petition Date, a director, officer or employee of the Debtor.

13.     To the best of my knowledge, TALARCHYK MERRILL does not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason.

14.     TALARCHYK MERRILL will maintain an ongoing inquiry regarding the Potential Parties-in-Interest and, if appropriate, will file promptly with the Court any appropriate supplemental disclosure that becomes necessary.

15.    In view of the foregoing, TALARCHYK MERRILL is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

## COMPENSATION

16.    Before the Petition Date, the Debtor retained TALARCHYK MERRILL to represent it in connection with its present efforts to restructure their businesses.

17.    On or about January 14, 2013 in accordance with TALARCHYK MERRILL's engagement by the Debtor before the Petition Date, TALARCHYK MERRILL requested and received a retainer in the amount of $23,787.00 for professional services rendered and to be rendered and charges and disbursements incurred by TALARCHYK MERRILL in connection with such services (the "Retainer") and the $1213.00 filing fee.

18.    As of the date of the Notice of Appearance, TALARCHYK MERRILL had been compensated for all known fees and reimbursed for all known expenses incurred before the Petition Date.  The entire Retainer remained unapplied as of the Petition Date.  TALARCHYK MERRILL reserves the right to apply certain amounts of the Retainer to fees and expenses accrued before the Petition Date but not discovered or otherwise accounted for until after the Petition Date.  TALARCHYK MERRILL will retain all remaining amounts of the Retainer in trust during the pendency of this case to be applied to any professional fees, charges and disbursements that remain unpaid at the end of this Chapter 11 Case.

19.    TALARCHYK MERRILL will provide the Debtor with periodic (no less than monthly) invoices for services rendered and disbursements incurred.  During the course of this Chapter 11 Case, the issuance of periodic invoices will constitute requests for

interim payment against the total reasonable fees and reimbursable expenses to be determined at the conclusion of this Chapter 11 Case. Interim and final payments are to be made on account of such invoices only in accordance with orders of the Court.

20.     For professional services, TALARCHYK MERRILL's fees are based in part on its customary hourly rates, which are periodically adjusted in accordance with TALARCHYK MERRILL's policy.   Based upon the engagement agreement, TALARCHYK MERRILL and the Debtor have agreed that TALARCHYK MERRILL's bundled rate structure will apply to this case and, therefore, TALARCHYK MERRILL will not be seeking to be separately compensated for certain staff, clerical and resource charges.   Presently, the hourly rates for TALARCHYK MERRILL professionals and para-professionals range between $450.00 to $500.00 for partners, $250.00 to $150.00 for associates, and $125.00 to $95.00 for legal assistants. The hourly rates set forth above are subject to periodic increases in the normal course of TALARCHYK MERRILL's business, often due to the increased experience of a particular professional and changes in the prevailing legal market.

21.     Consistent with TALARCHYK MERRILL's policy with respect to their other clients, TALARCHYK MERRILL will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

22.     TALARCHYK MERRILL intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of Florida, and the orders of this Court. TALARCHYK MERRILL will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in this case at the then-current rate charged for such services on a non-bankruptcy matter. The current, standard, hourly rates for TALARCHYK MERRILL professionals and paraprofessionals are set forth in this Statement.

23.    TALARCHYK MERRILL has agreed to accept as compensation such sums as may be allowed by the Court on the basis of: (i) the professional time spent; (ii) the rates charged for such services; (iii) the necessity of such services to the administration of the estate; (iv) the reasonableness of the time within which the services were performed in relation to the results achieved; and (v) the complexity, importance, and nature of the problems, issues, or tasks addressed in this case.

24.    Other than as set forth above, no arrangement is proposed between the Debtor and TALARCHYK MERRILL for compensation to be paid in this case.

FURTHER AFFIANT SAYS NAUGHT.

Dated: January 31, 2013.

_____
Tina M. Talarchyk, Esquire

SWORN TO BEFORE ME, and subscribed in my presence this 31st day of January, 2013.

MARY KATHLEEN G. DOOLEY
Commission # EE 056822
Expires January 20, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

Notary Public

4/30/15