Tagged for publication



**ORDERED in the Southern District of Florida on December 8, 2014.**

John K. Olson, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**In re:**                                    Case No. 13-11065-JKO
                                              Chapter 11
**ANNA MARIE SANDERS,**

      **Debtor.**
_____

**ORDER ON FEE APPLICATIONS OF TALARCHYK MERRILL, LLC [ECF 245],
AND TALARCHYK NEWBURGH, LLC [ECF 265]; DIRECTING ACCOUNTING;
AND SETTING EVIDENTIARY HEARING FOR JANUARY 30, 2015**

This dismissed chapter 11 case came before the Court on June 5, 2014, on the "First"[sic] and Final Fee Application (the "Second Talarchyk Merrill Fee Application") [ECF 245] of Talarchyk Merrill, LLC ("Talarchyk Merrill), and on October 30, 2014, on the First and Final Fee Application (the "Talarachyk Newburgh Fee Application") [ECF 265] of Talarchyk Newburgh, LLC ("Talarchyk Newburgh") as Attorneys for the Debtor and Debtor-in-Possession. The Court deferred ruling on the Second Talarchyk Merrill Fee Application until the Talarchyk Newburgh Fee

Application was ripe for review.

The history of the Debtor's legal representation in this case is curious.

### Employment of Talarchyk Merrill

The Debtor filed an Application (the "Retention Application") [ECF 17] to employ Attorney Tina M. Talarchyk ("Talarchyk") and Talarchyk Merrill on January 31, 2013. The Retention Application disclosed that on or about January 14, 2013, Talarchyk Merrill had received from the Debtor a fee retainer of $23,787 together with the filing fee of $1,213, aggregating $25,000. The Retention Application represented that Talarchyk Merrill "will retain [the entire amount] of the Retainer in trust during the pendency of this case to be applied to any professional fees, charges and disbursements that remain unpaid at the end of the Chapter 11 Case." [ECF 17, ¶¶ 22-23]. On April 1, 2013, the Court entered an Order [ECF 75] granting the Retention Application, thereby authorizing Talarchyk and Talarchyk Merrill to act as Debtor's counsel.

### Purported Substitution of Talarchyk Newburgh for Ozment Merrill

On April 7, 2013, Talarchyk filed a Stipulated Motion [ECF 80] for Substitution of Counsel (the "First Substitution Motion") pursuant to which Talarchyk Newburgh was to be substituted for Ozment Merrill, PLLC ("Ozment Merrill") as counsel for the Debtor. This is curious in itself, since Ozment Merrill never appeared as counsel for the Debtor; the Debtor's Petition [ECF 1], filed January 17, 2013, was signed by Talarchyk, for the firm Talarchyk Merrill.

Not a single pleading in the case was filed by Ozment Merrill, PLLC. Nonetheless, the First Substitution Motion contained the electronic signatures of Talarchyk for Talarchyk Newburgh and

of David L. Merrill ("Merrill") for Ozment Merrill.[1]  The Court granted the First Substitution Motion by Order [ECF 88] entered April 10, 2013.

### Fee Applications of Talarchyk Merrill

An application (the "First Talarchyk Merrill Fee Application") [ECF 234] was filed by Talarchyk Merrill on March 31, 2014, seeking compensation for Talarchyk Merrill as Debtor's counsel in the amount of $20,430, together with cost reimbursements in the amount of $440.  The United States Trustee objected [ECF 244] to the First Talarchyk Merrill Fee Application, on the basis that it did not comply with the applicable requirements of controlling Eleventh Circuit law. The Court sustained the United States Trustee's Objection and disallowed the First Talarchyk Merrill Fee Application in its entirety, without prejudice, by Order [ECF 250] entered May 2, 2014, following a hearing held April 29, 2014.

On May 1, 2014, Talarchyk Merrill filed its "First" [sic] and Final Fee Application [ECF 245] (the "Second Talarchyk Merrill Fee Application").  The Second Talarchyk Merrill Fee Application was signed by Talarchyk and was heard on June 5, 2014, along with the fee application of The Talarchyk Firm [ECF 246].  On June 13, 2014, Talarchyk Newburgh, through Steven S. Newburgh, objected [ECF 258] to The Talarchyk Firm's Fee Application. The Talarchyk Newburgh Objection was sustained by Order [ECF 261] entered September 8, 2014.  That Order also authorized Talarchyk Newburgh and The Talarchyk Firm to file such fee application(s) as they deemed appropriate within 21 days of that order, or by September 29, 2014.  The Talarchyk Firm has not filed any further fee application, the time for doing so has now expired, and no fees will be

---

[1]The Court has considerable doubt that Merrill actually signed this substitution of counsel in light of Talarchyk's disclosure [ECF 264] that Steven S. Newburgh never signed the Second Substitution Motion described below, despite Talachyk's filing his electronic signature /s/.

awarded to The Talarchyk Firm in this case. Talarchyk Newburgh's fee application [ECF 265] (the "Talarchyk Newburgh Fee Application") is ruled upon below.

The Second Talarchyk Merrill Application is replete with incomprehensible numbers:

- In Exhibit 1-A, the Application states that Talarchyk spent a total of 21.0 hours on the engagement and Merrill spent a total of 38.21[2] hours, for a Talarchyk Merrill grand total of **59.21** hours.

- In Exhibit 1-B, which purports to break down the lawyers' time by category, the Application states that *neither* Talarchyk *nor* Merrill spent any time on the category of activity "Case Administration," but that *together,* they spent 27.7 hours in "Case Administration."

- Again in Exhibit 1-B, *neither* Talarchyk *nor* Merrill spent any time on the category "Meetings and Communications with Creditors" (Talarchyk specifically recording 0.0 hours), but that *together* they spent 4.2 hours.

- In its totals, Exhibit 1-B states that Talarchyk and Merrill together spent **51.41** hours (versus **59.21** alleged on Exhibit 1-A).

- But on a lawyer-by-lawyer, category-by-category basis, Exhibit 1-B says that Merrill's total time in the case was 5.01 hours in the category "Plan and Disclosure Statement." Talarchyk's only time recorded by category was 12.6 hours in the category "Fee Employment Applications," 0.9 hours recorded in the category "Relief

---

[2]This time entry is the first of several in the Second Talarchyk Merrill Fee Application which contain time calculations in hundredths of hours. 0.01 hours is 36 seconds. It is inconceivable that any lawyer actually calculates and records time entries in 36 second intervals, but that is what the Second Talarchyk Merrill Fee Application asserts.

4

   from Stay," and 1.0 hours recorded in the category "Plan and Disclosure Statement."

- Thus, according to the detailed lawyer-by-lawyer, category-by-category time recording in Exhibit 1-B, Merrill recorded a total of 5.01 hours and Talarchyk recorded a total of 14.5 hours, for a Talarchyk Merrill grand total of **19.51** hours.

- But according to Exhibit 3 to the Second Talarchyk Merrill Fee Application, Talarchyk had a total of 33.4 hours and Merrill had a total of 12.0 hours, for a Talarchyk Merrill grand total of **45.4** hours.

- But if one adds up the individual time entries contained in Exhibit 3, one reaches a total of **60.7** hours.

The Second Talarchyk Merrill Application thus goes beyond mere professional sloppiness into arithmetic gibberish.[3]

To summarize: the Second Talarchyk Merrill Application variously represents, in accordance with the requirements of Rule 9011, that Talarchyk Merrill spent (a) **59.01** hours, (b) **51.41** hours, (c) **19.51** hours, (d) **45.4** hours, or (e) **60.7** hours representing the Debtor. And it asks that each of Talarchyk and Merrill be paid at a rate of $450/hour.

### Applicable Legal Standards for Review

In evaluating professional fee applications, the Court looks to the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy cases

---

[3]There is another alternative: that the hours purportedly recorded are simply subsequent fabrications invented in response to the U.S. Trustee's Objection [ECF 244] to the First Talarchyk Merrill Fee Application [ECF 234]. This alternative is entirely plausible, perhaps even likely, but the Court will not apply it or pursue its implications further in light of the Court's decision to choose to accept the lowest hourly total of the five alternatives the Second Talarchyk Merrill Fee Application represents were the hours expended by the lawyers in the firm on this engagement.

5

by *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir. 1977); *see also Loranger v. Stierheim,* 10 F.3d 776 (11th Cir. 1994). The Bar is thoroughly familiar with these factors, and the Court will discuss only those three which are particularly relevant here.

1. **Time and labor required.** Talarchyk Merrill claims to have spent somewhere between **19.51** and **60.7** hours in this representation. As the Court's late mentor Judge Thomas E. Baynes, Jr., regularly expressed, a lawyer's fee application should be his or her finest piece of work. Since Talarchyk Merrill has given the Court so many choices, the Court chooses **19.51** hours.

2. **The skill required to perform the legal services properly.** This is a Chapter 11 case filed with $4.5 million in debt and $1.5 million in assets, according to the Debtor's Chapter 11 Case Management Summary [ECF 19] filed by Talarchyk. The Debtor (through Talarchyk) filed a Plan [ECF 207] and a Disclosure Statement [ECF 208], dealing with two secured claims, $8,645 in IRS liability, and $7,700 in general unsecured claims. This was a simple case which the Court would have expected any of the competent and efficient lawyers in this District who specialize in individual Chapter 11 debtor representation to handle completely for fees in the $25,000 to $30,000 range. Instead, the Plan went nowhere, the assets were sold, and the case dismissed.

However, Talarchyk claimed to rack up fees in three different firms as follows: Talarchyk Merrill: $20,430 [ECF 245]; Talarchyk Newburgh: $12,600 [ECF 265]; The Talarchyk Firm[4]: $172,350 [ECF 235], for a grand total of $205,380, or something like 6 or 7 times the maximum amount a case like this should have cost.

9. **The experience, reputation and ability of the attorneys.** Each of the three lawyers who

---

[4] As noted above, The Talarchyk Firm's Application [ECF 235] was denied by Order [ECF 251] with leave to file a new application within 21 days. No new application was filed.

6

represented the Debtor in this case seeks compensation at the rate of $450/hour. In considering their reputations and abilities, the Court finds that Newburgh's fairly compensable hourly rate is $450/hour as sought, and that Merrill's is $250/hour. Although Talarchyk served some years ago as President of the Bankruptcy Bar Association of the Southern District of Florida and has served in some other Bar-related activities, her peripatetic practice[5] seems stuck in an awkward and distant past. Her performance in this case was shockingly sloppy. Based upon her reputation and ability, and for the specific reasons set forth in this Order, the Court finds that Talarchyk's fairly compensable hourly rate is, like Merrill's, $250/hour.

## *Piccadilly* Circus

A singular example of Talarchyk's incompetence will suffice to demonstrate her remarkable performance in this case.

As part of the Debtor's Motion [ECF 166] seeking authority to sell her properties under 11 U.S.C. § 363(f), Talarchyk included the following paragraph:

### *Exemption from Transfer Taxes*

> 33. Pursuant to section 1146(c) of the Bankruptcy Code, the "transfer ... or the making or delivery of an instrument under a plan confirmed under section 1129 of this title, may not be taxed under any law imposing a stamp or similar tax." This provision has been broadly construed to include sales and transfers which occur outside a chapter 11 plan and before or after plan confirmation, provided that such sales and transfers enable the confirmation and consummation of a chapter 11 plan for the Debtors. *See e.g., City of New York v. Jacoby-Bender, Inc. (In re Jacoby-Bender, Inc.),* 758 F.2d 840, 842 (2d Cir. 1985). In so holding, courts have focused upon whether the sale and transfer is "necessary to the consummation of a plan." *Id.* at 842. *See also, Florida Dep't of Revenue v. Piccadilly Cafeterias, Inc. (In re Piccadilly Cafeterias, Inc.),* 2007 U.S. App. LEXIS 8810 (11th Cir. 2007) (§ 1146(c) tax exemption may apply to pre-confirmation transfers).

---

[5] Talarchyk is an alumna of a number of firms.

There are more than a few things wrong with this representation.  First, § 1146(c) was recodified as § 1146(a) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, effective October 1, 2005.  The Debtor's case was filed January 17, 2013, more than 7 years later.  Second, the quotation from now-renumbered § 1146(a) is inaccurate, leaving out a phrase: "...the making or delivery of an instrument *of transfer* under a plan...."  Third, no competent or respectable lawyer would use a LEXIS citation for a reported Court of Appeals decision; the proper citation is *Florida Dep't of Revenue v. Piccadilly Cafeterias, Inc. (In re Piccadilly Cafeterias, Inc.),* 484 F.3d 1299 (11th Cir. 2007).  Last, and most significant, the Eleventh Circuit was expressly reversed in the same case on the very point cited by Talarchyk in *Florida Dep't of Revenue v. Piccadilly Cafeterias, Inc.,* 554 U.S. 33 (2008), holding that the stamp tax exemption in § 1146(a) applies only to transfers made pursuant to and completed after a Chapter 11 plan has been confirmed.

The Court can only conclude that Talarchyk's skills as a lawyer, however sharp they may once have been, are now sufficiently rusty that her representations of the law cannot be trusted.  She is demonstrably indifferent to the practice of law.  She cannot be compensated at an hourly rate appropriate for lawyers who are intellectually active and currently skilled in the practice of law.

Based upon the foregoing, the Court hereby awards fees and costs to Talarchyk Merrill as follows: Fees in the amount of **$4,877.50,** representing 5.01 hours of Merrill's time and 14.5 hours of Talarchyk's time, both at the rate of $250/hour, together with costs in the amount of **$440,** for a total fee and cost award of **$5,317.50**

### Talarchyk Newburgh Fee Application

The Talarchyk Newburgh Fee Application [ECF 265] was filed September 19, 2014.  In it, the Firm seeks $12,600 in fees, consisting of 25.4 hours of Talarchyk's time and 2.6 hours of

Newburgh's time, both at $450/hour. The Firm does not seek any cost reimbursement. The Talarchyk Newburgh Fee Application contains no apparent arithmetic errors and the hours involved seem reasonable. As described above, Talarchyk's time will be awarded at $250/hour and Newburgh's at $450/hour. The Firm is accordingly awarded fees in the amount of **$7,520** and no costs.

## Where Is the Retainer?

The Second Talarchyk Merrill Fee Application [ECF 245] represents that the Firm is holding $23,787 in its "fee retainer" account. This is consistent with the Retention Application [ECF 17] in which Talarchyk Merrill disclosed that on or about January 14, 2013, Talarchyk Merrill had received a fee retainer of $23,787 from the Debtor, together with the filing fee of $1,213, aggregating $25,000. The Retention Application recites that Talarchyk Merrill "will retain [the entire amount] of the Retainer in trust during the pendency of this case to be applied to any professional fees, charges and disbursements that remain unpaid at the end of the Chapter 11 Case." [ECF 17, ¶¶ 22-23].

No orders allowing fees or costs to Talarchyk, Talarchyk Merrill, Talarchyk Newburgh, or The Talarchyk Firm have been entered by this Court prior to this Order. But the Talarchyk Newburgh Application [ECF 265] states that the "Balance remaining in fee retainer account, not yet awarded" is **$2,917.** Since no fees have been previously awarded to any of the lawyers or law firms, why is the balance in the Talarchyk Merrill or Talarchyk Newburgh trust account not the full retainer of $23,787 which Talarchyk represented would be held in trust until "the end of the Chapter 11 Case"? The difference between these two sums is **$20,870**, which is precisely the amount of fees and costs sought by Talarchyk Merrill in the Second Talarchyk Merrill Fee Application [ECF 245].

9

By implication, it would appear that Talarchyk has caused $20,870 to be disbursed from the Talarchyk Merrill trust account without authorization. Perhaps not. We'll see. Talarchyk will be directed to account for all trust account transactions related to the Debtor or the Debtor's case.

    Based upon the foregoing, it is **ORDERED:**

    1.    Pursuant to the Second Talarchyk Merrill Fee Application [ECF 245], Talarchyk Merrill is hereby awarded fees in the amount of **$4,877.50** and costs in the amount of **$440**, aggregating **$5,317.50.** However, no disbursement or application of such fees and costs may be made pending further order of this Court following the hearing set forth below.

    2.    Pursuant to the Talarchyk Newburgh Fee Application [ECF 265], Talarchyk Newburgh is hereby awarded fees in the amount of **$7,520.** However, no disbursement or application of such fees may be made pending further order of this Court following the hearing set forth below.

    3.    Tina M. Talarchyk, Talarchyk Merrill, LLC, Talarchyk Newburgh, LLC, and The Talarchyk Firm are each hereby **DIRECTED** to file and serve a complete accounting of all deposits into, and all disbursements from, the Talarchyk Merrill trust account referred to in the Retention Application [ECF 17] and any subsequent trust account(s), including without limitation those of Talarchyk Newburgh and The Talarchyk Firm, which relate in any way to the Debtor or the Debtor's Chapter 11 case. Such accounting shall include all relevant bank records, and shall be filed with the Clerk and served on all parties in interest, including without limitation the Debtor, the United States Trustee, David L. Merrill, and Steven S. Newburgh, on or before **December 31, 2014.** Any party in interest who wishes to challenge or otherwise address the accounting so provided may do so by pleading filed and served on or before **January 14, 2015.** The Court will conduct an

**EVIDENTIARY HEARING** on the accounting and any matters related to it on **January 30, 2015,** at **9:30 a.m.,** in Courtroom 301, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301. The Court will consider at that hearing what disposition should be made of the balance which is, or which should be, remaining in the retainer trust account after the payment of fees and costs to Talarchyk Merrill and Talarchyk Newburgh. The Court will also consider at that hearing whether the Court should initiate disciplinary proceedings pursuant to Local Rule 2090-2(B) in the event it is determined that unauthorized trust account disbursements were made in this case.

### 

The Clerk is directed to serve a copy of this Order on all parties in interest.