Tagged for publication



**ORDERED in the Southern District of Florida on February 25, 2015.**

John K. Olson, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**In re:**                                                                    Case No. 13-11065-JKO
                                                                              Chapter 11
**ANNA MARIA SANDERS,**

      Debtor.
_____

### PRELIMINARY ORDER ON MOTION TO RECUSE

This dismissed Chapter 11 case is before the Court on the Motion (the "Recusal Motion") [ECF 290] filed by the Debtor and her counsel, Tina M. Talarchyk, seeking an order of recusal of this judge pursuant to 28 U.S.C. §§ 455(a) and (b), 28 U.S.C. § 144, and the Code of Judicial Conduct for United States Judges, Canons 2 and 3.

### Background

The Debtor filed her case on January 17, 2013. She has been represented throughout the case by attorney Tina M. Talarchyk who appeared through three different law firms during the course of

the representation. In her application to be retained as Debtor's counsel through her then-firm, Talarchyk Merrill, LLC, (the "Retention Application") [ECF 17], Talarchyk stated under penalty of perjury that

> 18. .... TALARCHYK MERRILL will retain all remaining amounts of the Retainer in trust during the pendency of this case to be applied to any professional fees, charges and disbursements that remain unpaid at the end of this Chapter 11 Case.
>
> 19. TALARCHYK MERRILL will provide the Debtor with periodic (no less than monthly) invoices for services rendered and disbursements incurred. During the course of this Chapter 11 Case, the issuance of periodic invoices will constitute requests for interim payment against the total reasonable fees and reimbursable expenses to be determined at the conclusion of this Chapter 11 Case. **Interim and final payments are to be made on account of such invoices only in accordance with orders of the Court.** [Emphasis added.]

*Affidavit of Tina M. Talarchyk in Support of Application of the Debtor for Entry of an Order Authorizing the Retention and Employment of Talarchyk Merrill, LLC as Attorneys for the Debtor-in-Possession* nunc pro tunc [ECF 17, page 21 of 23].

Although a Chapter 11 Plan [ECF 207] and Disclosure Statement [ECF 208] were filed, the Debtor withdrew both [ECF 220] and moved to dismiss the case [ECF 219] after objections were filed to the Plan [ECF 215] and Disclosure Statement [ECF 218]. The case was dismissed by Order (the "Dismissal Order") [ECF 225] entered March 10, 2014. The Dismissal Order was drafted by Talarchyk and contained the following two relevant decretal paragraphs:

> 4. This Court shall retain jurisdiction to review fee applications of professionals in the instant case.
> ***
> 6. The Debtor shall not pay any professionals without further order of Court.

The Court was accordingly required to consider the various fee applications filed by other professionals in the case [ECF 231, 232, 233] and by Talarchyk of behalf of Talarchyk Merrill, LLC

[ECF 234] and The Talarchyk Law Firm [ECF 235]. The United States Trustee filed an Objection [ECF 244] to these two Talarchyk fee applications, and those Objections were sustained by Orders [ECF 250, 251] which denied the applications without prejudice to the filing of amended applications.

Talarchyk filed amended applications for Talarchyk Merrill [ECF 245] and The Talarchyk Firm [ECF 246],[1] the latter seeking fees in the amount of $190,755 together with expenses of $846. Talarchyk Newburgh, LLC, through its member Steven S. Newburgh, filed an Objection [ECF 258] to The Talarchyk Firm's second application [ECF 246], which was sustained by Order [ECF 261] entered September 8, 2014. That Order authorized The Talarchyk Firm to file a second amended fee application within 21 days. No further fee application by The Talarchyk Firm was filed.

The application of Talarchyk Merrill [ECF 245] and a new application [ECF 265] filed September 19, 2014, by Talarchyk for Talarchyk Newburgh were ruled upon by the Court by Order (the "Fee Order") [ECF 270] entered December 8, 2014. Talarchyk filed a Motion (the "Reconsideration Motion") [ECF 271] for reconsideration of the Fee Order on December 21, 2014. The Reconsideration Motion was denied by Order ("Reconsideration Order") [ECF 273] entered January 14, 2014. The Reconsideration Order reiterated the direction to Talarchyk contained in the Fee Order that she deliver to the Court at the evidentiary hearing scheduled for January 30, 2015, and to file and serve "the entirety of the documents required by the Court's order at [ECF 270], including a complete accounting of all deposits into, and all disbursements from any and all trust accounts that relate to the Debtor's Chapter 11 case." *See* Fee Order at page 2, ¶ 3; Reconsideration

---

[1]These applications were filed after the hearing on the prior applications [ECF 234, 235] held April 29, 2014, but prior to the entry of the orders [ECF 250, 251] denying them, which was entered May 2, 2014.

3

Order at page 2, ¶ 3.

On January 28th, Talarchyk filed an Emergency *Ex Parte* Motion (the "Motion to Continue") [ECF 280] seeking to continue the scheduled January 30th hearing. The Motion and accompanying affidavits describe the severe medical condition of the elderly Debtor's 85-year-old husband and his urgent need for medical procedures to treat his lung cancer. The Debtor represented that she is her husband's sole caregiver and that she wishes to attend the scheduled evidentiary hearing. The Court granted the Motion to Continue in part, cancelling any evidentiary hearing but requiring Talarchyk to appear and to deliver the trust account records [ECF 281].

**Trust Account Records**

The Second Talarchyk Merrill Fee Application [ECF 245] represents that the Firm is holding $23,787 in its "fee retainer" account. This is consistent with the Retention Application [ECF 17] in which Talarchyk Merrill disclosed that on or about January 14, 2013, Talarchyk Merrill had received a fee retainer of $23,787 from the Debtor, together with the filing fee of $1,213, aggregating $25,000. The Retention Application recites that Talarchyk Merrill "will retain [the entire amount] of the Retainer in trust during the pendency of this case to be applied to any professional fees, charges and disbursements that remain unpaid at the end of the Chapter 11 Case." [ECF 17, ¶¶ 22-23]. As noted above, the Dismissal Order [ECF 225], which was drafted by Talarchyk, provided for the express retention of jurisdiction by this Court for the award of all professional fees in the case and prohibited the payment of any professional fees except upon Court order.

No orders allowing fees or costs to Talarchyk, Talarchyk Merrill, Talarchyk Newburgh, or The Talarchyk Firm were entered by this Court prior to the Fee Order [ECF 270]. But the Talarchyk

Newburgh Application [ECF 265] states that the "Balance remaining in fee retainer account, not yet awarded" is **$2,917.** Since no fees were previously awarded to any of the lawyers or law firms, this Court asked rhetorically why the balance in the Talarchyk Merrill or Talarchyk Newburgh trust account was not the full retainer of $23,787 which Talarchyk represented would be held in trust until "the end of the Chapter 11 Case"? The difference between these two sums is **$20,870**, which is precisely the amount of fees and costs sought by Talarchyk Merrill in the Second Talarchyk Merrill Fee Application [ECF 245]. By implication, it appeared to the Court that Talarchyk has caused $20,870 to be disbursed from the Talarchyk Merrill trust account without authorization. In furtherance of this Court's statutory obligations under 11 U.S.C. § 330 to consider and rule upon fee applications, as well as the provisions of the Dismissal Order, Talarchyk was directed to account for all trust account transactions related to the Debtor or the Debtor's case.

To summarize: the only issue pending before the Court on January 29, 2015, the date the Recusal Motion was filed, was the direction to Talarchyk to deliver the relevant trust account records on the following day. The Recusal Motion must be considered before any further action can be taken by this Court since, under § 455(a), recusal is required whenever a judge's impartiality "might reasonably be questioned." A judge faced with a recusal motion could, in the judge's discretion, leave the motion to a different judge to decide. But there are no reported cases or accepted principle of law which compels that judge to do so. *In re United States,* 158 F.3d 26, 34 (1st Cir. 1998); *United States v. Heldt,* 668 F.2d 1238, 1271 (D.C. Cir. 1981). Indeed, some case authority states that because there is no provision for the transfer of disqualification motions to another judge, the motion to disqualify "must be decided by the judge whose disqualification is sought." *Cohee v. McDade,* 472 F.Supp.2d 1082, 1084 (S.D. Ill. 2006).

**Effect of Notice of Appeal**

On January 27, 2015, Talarchyk filed a Notice of Appeal [ECF 277] which appeals from the Order (the "Fee Order") [ECF 270] which granted in part the fee application [ECF 245] of Talarchyk Merrill and the fee application [ECF 265] of Talarchyk Newburgh; directed an accounting; and set an evidentiary hearing. The Notice of Appeal [ECF 277] also appealed from the Order [ECF 273] denying Talarchyk's Motion [ECF 271] for reconsideration of the Fee Order and from the separately-docketed Order [ECF 274] setting the evidentiary hearing on January 30th.

The district court has jurisdiction over final judgments, orders and decrees of bankruptcy courts under 28 U.S.C. § 158(a)(1) and, "with leave of the [district] court, from other interlocutory orders and decrees" under § 158(a)(3).

Significant case law exists regarding what constitutes a final order in the context of a bankruptcy case. Because a bankruptcy case is often of a protracted nature and involves multiple parties, appellate courts generally have applied a broader pragmatic or flexible definition of finality to bankruptcy appeals. *Barben v. Donovan (In re Donovan)*, 532 F.3d 1134, 1136-37 (11th Cir. 2008). In other words, the "unique nature of bankruptcy procedure dictates that [appellate courts] take a pragmatic approach to finality." *Bonner Mall P'ship v. U.S. Bancorp. Mortg. Co.*, 2 F.3d 899, 903 (9th Cir. 1993). As explained by the Eleventh Circuit in *Martin Brothers Toolmakers, Inc. v. Industrial Development Board of Huntsville (In re Martin Brothers Toolmakers, Inc.)*, 796 F.2d 1435, 1437 (11th Cir. 1986):

> This accommodative approach is vital in the context of bankruptcy. Viewed realistically, a bankruptcy case is simply an aggregation of controversies, many of which would constitute individual lawsuits had a bankruptcy petition never been filed. While the goal of the bankruptcy process is to bring all present and potential contestants together and decide all the claims at the same time, a truly simultaneous resolution is impossible. Each claim represents a variable which must be quantified

> before a dividend is fixed or a workable reorganization plan adopted. Delayed review of any particular claim, especially claims involving key assets of the debtor's estate, would render any distribution or plan purely contingent until completion of appeals after conclusion of the case. Such an approach would be especially devastating in reorganizations, which proceed most smoothly when at least some variables become fixed and operate as the basis for further negotiation.

In recognition of these factors, finality of bankruptcy orders cannot be limited to the last order concluding the bankruptcy case as a whole. *Id.* at 1437.

Consequently, orders that would be treated as interlocutory in ordinary civil litigation may be deemed final under the "flexible finality" approach. In ordinary civil disputes, an order is final only if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373 (1981). This is still true in the bankruptcy context, but the "litigation" at issue may be an adversary proceeding or a contested matter within the bankruptcy case, rather than the bankruptcy case as a whole itself. *Barben v. Donovan, supra,* 532 F.3d at 1137. Therefore, to be "final" for purposes of a bankruptcy appeal, a bankruptcy court's order must "completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Id.* at 1136-37.

Under the Eleventh Circuit's *Barben* standard for finality, it is difficult to understand how the Orders [ECF 270, 273, 274] are "final." Each of them contains provisions which require Talarchyk to provide additional information to this Court, *viz.*, the trust account records which will demonstrate whether she kept the Retainer in trust, as she swore she would do [ECF 17, page 21 of 23]. This requirement was contained in the Dismissal Order [ECF 225] which Talarchyk drafted and submitted to the Court. As set forth in the discussion above, the Talarchyk Newburgh Fee Application [ECF 265] suggests that more than $20,000 was taken out of Talarchyk's trust account, notwithstanding her prior representations and Court order. Until these questions are resolved, the

Orders [ECF 270, 273, 274] do not appear to be "final" under the controlling "flexible finality" standard of *Barben v. Donovan.*

That is not to say, of course, that the District Court may not conclude otherwise, or that it may not choose to exercise appellate jurisdiction under 28 U.S.C. § 158(a)(3).

This posture leaves this Court in something of a conundrum: If the Orders [ECF 270, 273, 274] are properly before the District Court, this Court is at least arguably divested of jurisdiction to proceed further on any matters fairly within the ambit of the appeal. But this Chapter 11 case is closed, and there are no issues in the case other than the exercise of the retained jurisdiction provided for in the Dismissal Order [ECF 225]. It would clearly be inappropriate for this Court to proceed on any substantive matter until the Recusal Motion [ECF 290] has been ruled upon.

In the circumstances, the Court concludes that the appropriate action is to defer ruling on the Recusal Motion until such time as it is clear that this Court has jurisdiction over the singular issue remaining to be determined in this case.

**SO ORDERED.**

###