**Tagged for publication**



**ORDERED in the Southern District of Florida on January 21, 2016.**

John K. Olson, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

**In re**:

**Anna Marie Sanders**,                     Case No. **13-11065-JKO**

                                                     Chapter **11**

               Debtor.
_____/

### ORDER DENYING MOTION FOR STAY PENDING APPEAL

This case is before the Court on the Debtor's Motion to Stay Pending Appeal (the "Motion for Stay") [ECF 340] filed on January 19, 2016. Applying the appropriate standard of review, the Court must deny the Motion for Stay because the Debtor has failed to show a likelihood of success on the merits of the appeals or to satisfy any of the other standards which govern motions for stay pending appeal.

**I.     Jurisdiction**

Bankruptcy courts have jurisdiction to hear only claims "arising under" or "arising in" Title 11 or "related to" a case under Title 11. *See* 28 U.S.C. § 157(b), (c)(1). Claims constituting a "core" proceeding "arising in" Title 11 are matters "that are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside the bankruptcy." *See In Re Adelke*, 09–16347–AJC, 2012 WL 2953195, at 5 (Bankr. S.D. Fla. July 19, 2012) (quoting *Grausz v. Englander,* 321 F.3d 467, 471–72 (4th Cir. 2003)). Civil proceedings regarding fee awards are considered to "arise in" the underlying bankruptcy. *See In re Sweports*, 777 F.3d 364, 367 (7th Cir. 2015); *In re 5900 Assocs., Inc.*, 468 F.3d 326, 330 (6th Cir. 2006). Contempt proceedings similarly fall within the bankruptcy court's "arising in" jurisdiction. *Jacobs v. Oklahoma ex rel. Weatherford (In re Jacobs)*, 149 B.R. 983 (Bankr. N.D. Okla. 1993).

Claims "arising under" Title 11 involve adjudications of parties' rights or obligations under the Bankruptcy Code. A proceeding "arises under" Title 11 if it could not occur but for a provision in the Bankruptcy Code. *See, e.g.*, *Brown v. GMAC Mortg. Co. (In re Brown)*, 300 B.R. 871 (D. Md. 2003); *Lowenbraun v. Frentz (In re Lowenbraun*, 313 B.R. 408 (Bankr. W.D. Ky. 2004). Bankruptcy courts have jurisdiction to issue final judgment on such claims. However, as for "non-core" proceedings—claims that are not core but are "related to" a Title 11 case—the bankruptcy court can only submit proposed findings of fact and conclusions of law to the district court. *See Stern v. Marshall*, 131 S. Ct. 2594, 2596 (2011). In such cases any final orders or judgments may only be issued by the district court. *Id.*

Upon appeal, the United States District Court found this Court to have jurisdiction to consider the fee applications at issue. *See* Case No. 15-60172-CIV-ZLOCH at p. 4-5.[1] Judge Zloch's Order was not appealed and is now final. Furthermore, this Court's Order Dismissing the Case (the "Dismissal Order") [ECF 225], entered on March 10, 2014, stated "The Court shall retain jurisdiction to review fee applications of professionals in the instant case."[2] This Court has jurisdiction to review the fee applications of professionals in this case by virtue of the Court's Dismissal Order [ECF 225]. Talarchyk's Motion for Stay [ECF 340] contains no discussion of the express retention of jurisdiction provided for in the Dismissal Order.

Similarly, Talarchyk's Motion for Stay [ECF 340] contains no discussion of this Court's "arising in" or "arising under" jurisdiction. Its one paragraph discussion of jurisdiction [ECF 340, page 6 of 11] touches briefly on "related to" jurisdiction, under which the bankruptcy courts have jurisdiction under 28 U.S.C. § 1334(b) if a dispute could have a "conceivable effect" on the bankruptcy estate. "Related to" jurisdiction is utterly inapposite to the issues now before this Court.

---

[1]The Court notes that Talarchyk recently challenged the jurisdiction of this Court through appeal of this Court's Order Denying Motion to Recuse [ECF 302] and appeal of this Court's Order Directing Filing of Trust Account Records [ECF 303]. *See* Case No. 15-CIV-62593-COOKE. Judge Cooke entered an Order Affirming the Bankruptcy Court's Orders in which she stated, with respect to jurisdiction, "[Judge Zloch] already found that the Bankruptcy Court properly exercised its jurisdiction in determining professional compensation after dismissal of the bankruptcy and that the Bankruptcy Court did not abuse its discretion in its fee award to Ms. Talarchyk. Therefore, as to this issue, the Order of the Bankruptcy Court is affirmed. If Ms. Talarchyk wanted to challenge the determinations made by Judge Zloch in his Order, she should have done so properly by appealing to the Eleventh Circuit. She failed to do so, and the time has now passed. She cannot now obtain review of his Order collaterally through this Court. *See id.* at p. 2.

[2]The Court notes that this provision was inserted at the request of the United States Trustee. Talarchyk never objected to the insertion of decretal language retaining bankruptcy court jurisdiction over professional fee applications in this case, and it was she who prepared and submitted to the Court the Order Dismissing the Case [ECF 225] with the jurisdiction retention language.

## II.     Procedural Background

By Orders first issued more than a year ago [ECF 273, 274, 281], Tina M. Talarchyk was ordered to file and serve, prior to a hearing scheduled for January 30, 2015, "the entirety of the documents (collectively, the "Trust Accounting Records") required by the Court's order at [ECF 270], including a complete accounting of all deposits into, and all disbursements from any and all trust accounts that relate to the Debtor's Chapter 11 case." *See* Order [ECF 274] at page 2, ¶ 3; Order [ECF 281] at page 2.

As a result of a Notice of Appeal [ECF 277] and a Motion to Recuse [ECF 290], the hearing scheduled for January 30, 2015, was cancelled.  Among the Orders appealed by Talarchyk was the Order (the "Fee Order") [ECF 279] on Fee Applications of Talarchyk Merrill and Talarchyk Newburgh.  The appeal from the Fee Order has now been finally resolved by entry of an Order [ECF 301] by the United States District Court in Case No. 15-60172-CIV-ZLOCH, *Talarchyk v. Olson*. Judge Zloch's Order was entered September 23, 2015, and affirmed the prior Orders of this Court awarding fees and directing turnover of the Trust Accounting Records.  Talarchyk did not take an appeal, the time for doing so has expired, and Judge Zloch's Order is now final.

Following entry of Judge Zloch's Order and the expiration of the time to take an appeal from that Order, this Court ruled on the Motion to Recuse [ECF 290], denying it by Order (the "Recusal Order") [ECF 302] entered November 18, 2015.

Talarchyk timely appealed from the Recusal Order by Notice of Appeal [ECF 308] filed December 9, 2015.  Her appeal also sought relief from the Order [ECF 303] Directing Filing of Trust Accounting Records.  Talarchyk timely designated her Record on Appeal [ECF 321] and her Statement of Issues to Be Presented on Appeal [ECF 321-1].  The Record on Appeal was transmitted to the District Court on January 12, 2016.  On January 15, 2016, United States District Judge Marcia

G. Cooke entered a final order on Talarchyk's appeal in Case No. 15-Civ-62593-COOKE, styled *Talarchyk v. Olson.*[3] Judge Cooke's Order affirmed this Court on the merits, denied all pending motions as moot, and directed the Clerk of the District Court to close the case.

Talarchyk has been repeatedly ordered [ECF 273, 274, 281, 303, 338] to file and serve the Trust Accounting Records, and most recently (prior to the entry of the Contempt Order discussed below) by Order Directing Filing of Trust Accounting Records [ECF 303] entered November 18, 2015. By that Order, Talarchyk was required to file and serve the Trust Accounting Records within 21 days, or by December 9, 2015. She did not do so, and has still not produced the Trust Accounting Records through the date of entry of this Order.

Accordingly, in light of her failure to produce the Trust Accounting Records, Talarchyk was ordered to show cause why sanctions should not be imposed upon her by Order to Show Cause [ECF 312], entered December 11, 2015. The Order to Show Cause required Talarchyk to appear before this Court on January 19, 2016, and to show cause why she should not, pursuant to Local Rule 2090-2(B)(1), be suspended from practice before this Court, reprimanded, or otherwise disciplined.

Talarchyk failed to file the Trust Accounting Records and failed to appear at the show cause hearing on January 19, 2016. Accordingly, this Court entered an Order Finding Talarchyk in Contempt of Court, Directing Disgorgement of Certain Funds, Suspending Her from Practice before this Court and Remanding Her to the Custody of the United States Marshal (the "Contempt Order") [ECF 338].[4]

---

[3]On January 17, 2016, Talarchyk filed a Notice of Appeal [ECF 11 in the District Court] from Judge Cooke's Order affirming the Orders of this Court.

[4]The Court acknowledges that the Contempt Order [ECF 338] contained a scrivener's error with respect to the dollar amount in paragraph 6 on page 7. The amount required to be turned over by Talarchyk should be $10,879.50 as referenced throughout the entirety of the Contempt Order.

Subsequently, Talarchyk, through Counsel, filed a Notice of Appeal [ECF 339] of this Court's Contempt Order and the Motion for Stay [ECF 340].[5]

### III.     Standard of Review

"A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant." *In re Lickman,* 301 B.R. 739, 742 (Bankr. M.D. Fla. 2003). In determining whether to grant a stay pending appeal, courts should determine whether a movant has adequately demonstrated four necessary factors: "(i) that the movant is likely to prevail on the merits of its appeal; (ii) that the movant will suffer irreparable injury if a stay or other injunctive relief is not granted; (iii) that other parties will suffer no substantial harm if a stay or other injunctive relief is granted; and (iv) in circumstances where the public interest is implicated, that the issuance of a stay or other injunctive relief will serve, rather than disserve, such public interest." *In re Shunnarah*, 273 B.R. 671, 672 (M.D. Fla. 2001); *Garcia-Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir.1986); *Jet Networks FC Holding Corp. v. Goldberg*, 2009 WL 1616375 (S.D. Fla. 2009).

A court may accord greater weight to certain factors over others, depending on the circumstances of a particular stay request. *In re The Charter Co.*, 72 B.R. 70, 71-72 (Bankr. M.D. Fla. 1987). However, all four must be present if the bankruptcy court is to grant a stay pending appeal. *See In re Cummings*, 2003 U.S. Dist. LEXIS 24200, at *1 (S.D. Fla. 2003). "The moving party must show satisfactory evidence on all four criteria, and the failure to satisfy one prong is fatal to the motion." *In re Brown*, 290 B.R. 415, 424 (Bankr. M.D. Fla. 2003).

---

[5]Talarchyk has also filed a motion for stay pending appeal in the case pending before District Judge Cooke [ECF 12 in Case No. 15-cv-62593-COOKE]. Bankruptcy Rule 8007(a)(1) provides that "Ordinarily, a party must move first in the bankruptcy court" for a stay pending appeal.

**IV.    Discussion**

**(A)    Success on the merits**

Talarchyk fails to properly address in the Motion to Stay [ECF 340] the likelihood of success on the merits of the appeals. While Talarchyk devotes three pages to a multitude of perceived issues with the Court's Orders on appeal, Talarchyk's analysis of the likelihood of success on appeal consists of one sentence, "With regard to the first factor to consider, likelihood of success on appeal, the Appellant respectfully submits that there is clear error in the Bankruptcy Court's analysis of the facts of record and the applicable standards for recusal." [ECF 340] at p. 7.  Talarchyk does not discuss <u>how</u> or <u>why</u> these points are likely to cause the Orders on Appeal to be overturned.

The arguments stated in Talarchyk's Motion for Stay [ECF 340] are the same arguments presented in Talarchyk's original Motion to Recuse [ECF 290].  The Motion to Recuse was denied by Order (the "Recusal Order") [ECF 302].  Talarchyk's arguments from the Motion to Recuse were recycled in Talarchyk's Motion to Reconsider this Court's Recusal Order [ECF 306].  The Motion to Reconsider [ECF 306] was denied by Order [ECF 307].  Talarchyk's arguments were again recycled in an appeal from this Court's Recusal Order [ECF 308] before United States District Judge Cooke.  *See* Case No. 15-62593-CIV-COOKE, *Talarchyk v. Olson*.  Judge Cooke entered an Order [ECF 337] affirming this Court's Recusal Order on January 15, 2016.

Talarchyk does not show that the Orders on Appeal will likely be overturned based on these grounds.

"The moving party's likelihood of prevailing on the merits of its appeal is generally the most important of the four criteria identified above, and the Court must ordinarily find that the appealed decision was clearly erroneous." *In re F.G. Metals, Inc.*, 390 B.R. 467, 472 (Bankr. M.D. Fla. 2008) (citing *Antonio v. Bello*, 2004 WL 1895123 (11th Cir. 2004)); *Garcia-Mir v. Meese*, 781 F.2d 1450,

1453 (11th Cir. 1986) ( "A finding that the movant demonstrates a probable likelihood of success on the merits on appeal requires that we determine that the trial court below was clearly erroneous.") The Debtor's rehashing of grievances does not demonstrate probable likelihood of success on the merits such that the Orders on appeal are likely to be found to be clearly erroneous.

In fact, Talarchyk has little to no chance of success on the merits of the appeal. She has been ordered in five separate orders of this Court to turn over the Trust Accounting Records. Like every other lawyer licensed to practice law in the State of Florida, Talarchyk is required to keep these precise records. Florida Bar Rule 5-1.2 Trust Accounting Records and Procedures, discusses the minimum Trust Accounting Records that "must be maintained." Specifically:

> (1) a separate bank or savings and loan association account or accounts in the name of the lawyer or law firm and clearly labeled and designated as a "trust account";
>
> (2) original or clearly legible copies of deposit slips if the copies include all data on the originals and, in the case of currency or coin, an additional cash receipts book, clearly identifying the date and source of all trust funds received and the client or matter for which the funds were received;
>
> (3) original canceled checks or clearly legible copies of original canceled checks for all funds disbursed from the trust account, all of which must:
>
>> (A) be numbered consecutively;
>>
>> (B) include all endorsements and all other data and tracking information; and
>>
>> (C) clearly identify the client or case by number or name in the memo area of the check;
>
> (4) other documentary support for all disbursements and transfers from the trust account including records of all electronic transfers from client trust accounts, including:
>
>> (A) the name of the person authorizing the transfer;
>>
>> (B) the name of the recipient;

-8-

(C) confirmation from the banking institution confirming the number of the trust account from which money is withdrawn; and

(D) the date and time the transfer was completed;

(5) original or clearly legible digital copies of all records regarding all wire transfers into or out of the trust account, which at a minimum must include the receiving and sending financial institutions' ABA routing numbers and names, and the receiving and sending account holder's name, address and account number. If the receiving financial institution processes through a correspondent or intermediary bank, then the records must include the ABA routing number and name for the intermediary bank. The wire transfer information must also include the name of the client or matter for which the funds were transferred or received, and the purpose of the wire transfer, (e.g., "payment on invoice 1234" or "John Doe closing").

(6) a separate cash receipts and disbursements journal, including columns for receipts, disbursements, transfers, and the account balance, and containing at least:

(A) the identification of the client or matter for which the funds were received, disbursed, or transferred;

(B) the date on which all trust funds were received, disbursed, or transferred;

(C) the check number for all disbursements; and

(D) the reason for which all trust funds were received, disbursed, or transferred;

(7) a separate file or ledger with an individual card or page for each client or matter, showing all individual receipts, disbursements, or transfers and any unexpended balance, and containing:

(A) the identification of the client or matter for which trust funds were received, disbursed, or transferred;

(B) the date on which all trust funds were received, disbursed, or transferred;

(C) the check number for all disbursements; and

(D) the reason for which all trust funds were received,

> disbursed, or transferred; and
>
>> (8) all bank or savings and loan association statements for all trust accounts.

*See* Rule 5-1.2(b), Rules Regulating The Florida Bar. The Trust Account Records that the Court has repeatedly directed Talarchyk to turn over are required to be maintained by all Florida attorneys. *See id.* This Court is frankly astonished that Talarchyk has so vigorously resisted turning over documents which the Rules Regulating The Florida Bar require her to maintain.

Without establishing the likelihood of success on the merits of the appeals, the Debtor is left with an even stricter and heightened applicable standard of review. "Absent being able to establish the first factor, a movant for emergency stay relief must establish that the three remaining factors for stay relief, the "equities," tend strongly in [the movant's] favor." *Antonio v. Bello*, 2004 WL 1895123 (11th Cir. 2004); *See also Gonzalez v. Reno*, 2000 WL 381901 (11th Cir. 2000).

**(B)    Irreparable injury**

Talarchyk argues that this Court has repeatedly subjected her to highly critical Orders "tagged for publication" and that "the referenced 'tagged' Orders are upsetting, intimidating, intrusive, and debilitating. Further, the Debtor argues that Talarchyk's livelihood as a bankruptcy practitioner will be irreparably injured by this Court's Order Finding Appellant in Contempt of Court, Directing Disgorgement of Certain Funds, Suspending Her from Practice before this Court, and Remanding Her to Custody of the United States Marshal [ECF 338].

Talarchyk has been directed to deliver the Trust Accounting Records to the Court, now, by five separate Orders [ECF 273, 274, 281, 303, and 338]. It is solely the filing of these documents that stood between Talarchyk and the alleged irreparable injury of which she speaks. She was ordered to appear in person in court on January 19, 2016, but chose not to appear. Any injury

suffered by Talarchyk is entirely self-inflicted.

### (C)   Substantial Harm

Talarchyk argues that no other parties shall suffer harm by an order staying this case pending appeal. This *ipse dixit* lacks any analysis whatsoever.

In fact, more than one party would suffer harm by entry of an order staying this case pending appeal. At this Court's show cause hearing on January 19, 2015, Steven Newburgh, of Talarchyk Newburgh LLC, indicated that he maintains an interest in the speedy resolution of this case because he has not yet been paid for his work in connection with this case. David Merrill, of Talarchyk Merril LLC, also indicated a similar desire for this Court to resolve the pending issues before it. Furthermore, the Office of the United States Trustee indicated that it continues to monitor these proceedings closely.

### (D)   Public Interest

Lastly, Talarchyk argues that "granting a stay would serve the public interest in upholding the principle that a citizen may have access to review on appeal before the Bankruptcy Court's Orders are irretrievably pursued."

Talarchyk has been directed, by five separate Orders of this Court, to deliver the Trust Accounting Records. Talarchyk was ordered to show cause why she should not be sanctioned under Local Rule 2090-2(B)(1) and was ordered to appear in person at the hearing held on January 19, 2016. Talarchyk has not delivered the Trust Accounting Records and has refused to appear in court as ordered. She has instead cavalierly flouted these valid orders. While Talarchyk is of course fully entitled to pursue review on appeal from this Court's Recusal Order [ECF 302] and this Court's Contempt Order [ECF 338], she has no right to contemptuously disregard Orders to turn over records which she is required to keep and to appear before the Court. Talarchyk's continued pursuit

of relief from this Court's orders does not abrogate her duty to comply with this Court's orders. Rule 4-84(d) of the Rules Regulating The Florida Bar forbids a lawyer licensed in Florida to "engage in conduct in connection with the practice of law that is prejudicial to the administration of justice." Lawyers simply cannot pick and choose which court orders they will choose to obey, perhaps even more when the validity of those orders has been affirmed on appeal. To permit such conduct would substantially diminish the public's confidence in the system of justice. And there is nothing "irretrievable" about Talarchyk's obeying the Orders in question. She has been ordered to turn over records and to appear in Court. Something "irretrievable" might occur in the future if a review of the records disclosed an impropriety in Talarchyk's handling of trust funds, but this Court has not reached and could not reach any conclusion about how she handled trust funds because she has refused to obey five separate Orders directing her to deliver up the records. Her obstinate and contumacious refusal to turn over the records could well raise questions in the minds of members of the public as to just what might be in those records, thereby risking a loss of confidence in the administration of justice. The public interest strongly disfavors a stay pending appeal here.

### V.     Conclusion

Each of the four factors governing the granting of motions for stay pending appeal militates against granting the Motion for Stay [ECF 338], which is hereby **DENIED**.

It is **SO ORDERED.**

# # #

*The Clerk of Court is directed to provide copies of this order to all parties in interest.*


of relief from this Court's orders does not abrogate her duty to comply with this Court's orders. Rule 4-84(d) of the Rules Regulating The Florida Bar forbids a lawyer licensed in Florida to "engage in conduct in connection with the practice of law that is prejudicial to the administration of justice." Lawyers simply cannot pick and choose which court orders they will choose to obey, perhaps even more when the validity of those orders has been affirmed on appeal. To permit such conduct would substantially diminish the public's confidence in the system of justice. And there is nothing "irretrievable" about Talarchyk's obeying the Orders in question. She has been ordered to turn over records and to appear in Court. Something "irretrievable" might occur in the future if a review of the records disclosed an impropriety in Talarchyk's handling of trust funds, but this Court has not reached and could not reach any conclusion about how she handled trust funds because she has refused to obey five separate Orders directing her to deliver up the records. Her obstinate and contumacious refusal to turn over the records could well raise questions in the minds of members of the public as to just what might be in those records, thereby risking a loss of confidence in the administration of justice. The public interest strongly disfavors a stay pending appeal here.

### V.     Conclusion

Each of the four factors governing the granting of motions for stay pending appeal militates against granting the Motion for Stay [ECF 338], which is hereby **DENIED**.

It is **SO ORDERED.**

# # #

*The Clerk of Court is directed to provide copies of this order to all parties in interest.*