

**ORDERED in the Southern District of Florida on February 24, 2020.**

**Paul G. Hyman, Jr.,Judge
United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                   CASE NO.: 13-11065-BKC-PGH

**Anna Maria Sanders,**
                                                         CHAPTER 11
                Debtor.
_____/

### ORDER DIRECTING TURNOVER OF TRUST ACCOUNTING AND BANK RECORDS

**THIS MATTER** came before the Court upon the District Court's Final Order dismissing the Appeal of the Order Finding Tina M. Talarchyk in Contempt of Court, Directing Disgorgement of Certain Funds, Suspending her from Practice Before This Court and Remanding her to the Custody of the United States Marsal (ECF No. 367). The Court, having reviewed the District Court's Order and this proceeding, briefly summarizes the history of the pending issues as follows:

On January 31, 2013, the Debtor filed an Application to Employ Talarchyk Merrill, LLC as Counsel for the Debtor (the "Retention Application") (ECF No. 17). On April 1, 2013, the Court entered and Order Approving the Retention Application, which authorized the Debtor to retain Tina Talarchyk, Esq. ("Ms. Talarchyk") of Talarchyk Merrill, LLC.  (ECF No. 75).  The Retention Application indicated that Talarchyk Merrill had received a total of $25,000 from the Debtor that would be held in trust during the pendency of the bankruptcy proceedings and pending court approval for payment of attorneys' fees.

On April 7, 2013, Ms. Talarchyk filed a Stipulation Motion for Substitution of Counsel (ECF No. 80), seeking to substitute Talarchyk Newburgh, LLC in the action in place of Talarchyk Merrill, LLC and David Merrill.  On April 10, 2013, the Court entered an Order Granting the Motion for Substitution.  (ECF No. 88).

On June 18, 2013, Ms. Talarchyk filed an Agreed Motion to Substitute Attorney (ECF No. 120), seeking to substitute The Talarchyk Firm and Tina Talarchyk in the action in place of Talarchyk Newburgh, LLC and Steven S. Newburgh.  On June 24, 2013, the Court entered an Order Granting the Motion to Substitute Attorney.  (ECF No. 124).

On March 31, 2014, Ms. Talarchyk filed a First and Final Fee Application of Talarchyk Merrill, LLC (the "First Talarchyk Merrill Application") (ECF No. 234), seeking approval for $20,430 in attorneys' fees and $440 in expenses and a First and Final Fee Application of The Talarchyk Firm (the "First Talarchyk Firm Application")

(ECF No. 235), seeking approval for $172,350 in attorneys' fees and $2,917 in expenses.

The United States Trustee filed an Objection to the First Talarchyk Merrill Application and the First Talarchyk Firm Application, asserting that the applications did not comply with the requirements of controlling Eleventh Circuit law. (ECF No. 244). After a hearing on April 29, 2014, the Court sustained the Objection and disallowed both applications in their entirety, without prejudice. (ECF Nos. 250 & 251).

On May 1, 2014, Ms. Talarchyk filed amended applications for both Talarchyk Merrill, LLC and The Talarchyk Firm (the "Second Talarchyk Merrill Application" and the "Second Talarchyk Firm Application," respectively) (ECF Nos. 245 & 246, respectively).

On June 13, 2014, Steven Newburgh ("Mr. Newburgh") filed an Objection to the Second Talarchyk Firm Application on behalf of Talarchyk Newburgh, LLC (the "Talarchyk Newburgh Objection") (ECF No. 258). The Talarchyk Newburgh Objection stated that some of the time entries submitted in the Second Talarchyk Firm Application were during period of time in which Talarchyk Newburgh was counsel of record for the Debtor, and therefore should have been the subject of a separate fee application along with time entries of Mr. Newburgh.

On June 5, 2014, the Court held a hearing on the Second Talarchyk Firm Application and the Talarchyk Newburch Objection and on September 8, 2014, the

Court entered an Order sustaining the Talarchyk Newburgh Objection, denying the Second Talarchyk Firm Application, and authorizing The Talarchyk Firm and Talarchyk Newburgh, LLC to file fee applications within 21 days of the Order. (ECF No. 261).

On September 19, 2014, Ms. Talarchyk filed a *First and Final Fee Application of Talarchyk Newburgh, LLC* (the "Talarchyk Newburgh Application") (ECF No. 265), seeking approval for $12,600 in attorneys' fees. No additional fee applications were filed on behalf of The Talarchyk Firm.

On October 8, 2014, Mr. Newburgh filed a Request for Hearing (ECF No. 267) on the Talarchyk Newburgh Application.

On October 30, 2014, the Court held a hearing on the Talarchyk Newburgh Application and on December 8, 2014, it entered an Order approving the Second Talarchyk Merrill Application in the amount of $4,877.50 for attorneys' fees and $440 for expenses, and approving the Talarchyk Newburgh Application in the amount of $7,520.00 for attorneys' fees, (the "Fee Application Order") (ECF No. 270).

In the Fee Application Order, the Court noted discrepancies between the Second Talarchyk Merrill Application and the Talarchyk Newburgh application regarding the representations of the amount of the retainer being held in trust for the Debtor's proceeding. Specifically, the Second Talarchyk Merrill Application stated that $23,787 was being held in trust, while the Talarchyk Newburgh Application stated that $2,917 was the "Balance remaining in the fee retainer

account, not yet awarded." The difference between these two amounts, $20,870, was the amount of fees and costs sought by the Second Talarchyk Merrill application. Based on the noted discrepancies and concern that funds were disbursed without the Court's authorization, the Fee Application Order directed Ms. Talarchyk, Talarchyk Merrill, LLC, Talarchyk Newburgh, LLC, and The Talarchyk Firm to "file and serve a complete accounting of all deposits into, and all disbursements from, the Talarchyk Merrill trust account referred to in the Retention Application [ECF 17] and any subsequent trust account(s), including without limitation those of Talarchyk Newburgh and The Talarchyk Firm, which relate in any way to the Debtor of the Debtor's Chapter 11 case."

The Court also required all relevant bank records be included with the accounting, and served upon all parties in interest on or before December 31, 2014. The Fee Application Order additionally set a deadline for objection to the accounting and set a January 30, 2015 evidentiary hearing on the accounting and related matters.

On December 21, 2014, the Debtor filed a Motion for Reconsideration of the Fee Application Order, seeking reconsideration of the allowed amount of attorneys' fees on the Second Talarchyk Merrill Application. (ECF No. 271). The Motion to Reconsider also attempted to reconcile the issues regarding the retainer that had caused the Court to order the accounting. The Court denied the Motion to Reconsider, directed Ms. Talarchyk to attend the January 30, 2015 evidentiary hearing, and to

- 5 -

file and serve "the entirety of the documents" required in the Fee Application Order. (ECF. No. 273). On the same date, the Court also entered an Order Setting Hearing for the January 30, 2015 evidentiary hearing. (ECF No. 274).

On January 27, 2015, Ms. Talarchyk filed a Notice of Appeal on the Fee Application Order (ECF No. 270), the Order Denying the Motion to Reconsider (ECF No. 273), and Order Setting Evidentiary Hearing (ECF No. 274). On January 28, 2015, Ms. Talarchyk filed an Emergency Motion to Continue the January 30, 2015 hearing on behalf of the Debtor and based upon the Debtor's husband's health. (ECF No. 280). The Court granted the Emergency Motion in part, cancelling the evidentiary portion of the hearing, but indicating that the hearing would still held with respect to the requirement that Ms. Talarchyk file and serve the accounting and related bank documents as ordered in the Fee Application Order. (ECF No. 281).

On January 29, 2015, Ms. Talarchyk filed Motion for Stay Pending Appeal, seeking to confirm that further hearings would be stayed, since the issues to be heard were related to the issues on appeal. (ECF No. 284).

On January 29, 2015, Ms. Talarchyk filed an Objection to Filing Requirements and Request for Hearing Before a Different Judge (the "Objection") (ECF No. 287) in which she detailed objections on behalf of herself as well as the Debtor regarding the requirement to file the accounting of the retainer and attorneys' fees payments and requested that the Objection be heard by a different judge.

Ms. Talarchyk retained counsel to represent her in the proceedings and on

January 29, 2015, her counsel filed a Motion to Recuse on her behalf, requesting that the presiding judge recuse himself from the proceedings. (ECF No. 290).

On February 26, 2015, the Court entered a Preliminary Order on the Motion to Recuse, deferring a ruling on the motion pending the District Court's decision on the appeal. (ECF No. 296).

On September 24, 2015, the District Court entered a Final Order overruling Ms. Talarchyk's objections and affirming the Orders of the Bankruptcy Court. (ECF No. 301).

On November 18, 2015, the Court entered an Order Denying the Motion to Recuse (ECF No. 302), and an Order Directing Filing of Trust Accounting Records (ECF No. 303). The Order Directing Filing of Trust Accounting Records directed Ms. Talarchyk to file and serve the Trust Accounting Records, as described in the Fee Application Order, within 21 days.

On December 2, 2015, the Debtor and Ms. Talarchyk filed a Motion to Reconsider the Order Denying the Motion to Recuse. (ECF No. 306). The Court denied the Motion to Reconsider. (ECF No. 307).

On December 9, 2015, the Debtor and Ms. Talarchyk filed a Notice of Appeal for the Order Denying the Motion to Recuse (ECF No. 302), the Order Directing Filing of Trust Accounting Records (ECF No. 303), and the Order Denying the Motion to Reconsider (ECF No. 307).

On December 11, 2015, the Court entered an Order to Show Cause Why Tina

M. Talarchyk Should Not Be Suspended from Practice Before This Court, Reprimanded, or Otherwise Disciplined and set a hearing on January 19, 2016. (ECF No. 312). On the same date, the Debtor and Ms. Talarchyk filed a Motion to Stay Pending Appeal. (ECF No. 313).

On December 15, 2015, Interested Party David Merrill filed an Objection to the Motion for Stay Pending Appeal (the "Merrill Objection"), asserting multiple reasons supporting Ms. Talarchyk's filing and serving the trust accounting as ordered by the Court. (ECF No. 318).

On December 22, 2015, David Merrill filed a Motion for Order to Show Cause Why Tina M. Talarchyk Should Note Be Held in Contempt of Court and Motion to Direct Appointment of Forensic Accountant. (ECF No. 322) and the Debtor and Ms. Talarchyk filed a Response to the Merrill Objection and Motion for Order to Show Cause (ECF No. 332). On January 14, 2016, David Merrill filed a Preliminary Report of Forensic Accounting. (ECF No. 333).

On January 18, 2016, the Debtor and Ms. Talarchyk filed an Emergency Motion to Continue the January 19, 2016 hearing on the Motion for Stay Pending Appeal based upon the District Court's Final Order Affirming the Bankruptcy Court's Orders and their subsequent appeal of the issues to the Eleventh Circuit Court of Appeals with the intent to file a motion for stay pending appeal once the appeal was docketed. (ECT No. 335). The Court denied the Emergency Motion to Continue the January 19, 2016 hearing. (ECF No. 336).

The District Court's Final Order (ECF No. 337) overruled the objections in the Notice of Appeal and affirmed the Orders of the Bankruptcy Court (ECF No. 301). The District Court determined that a review of the Order Directing Filing of Trust Accounting Records would be an improper collateral attack of the previous District Court Order that affirmed of the Fee Application Order.

On January 19, 2016, after the hearing on the Order to Show Cause, based in part on Ms. Talarchyk's failure to appear at the hearing, the Court entered an Order Finding Tina M. Talarchyk in Contempt of Court, Directing Disgorgement of Certain Funds, Suspending her from Practice Before This Court, and Remanding her to the Custody of the United States Marshal (the "Contempt Order") (ECF No. 338).

On January 19, 2016, the Debtor and Ms. Talarchyk filed a Notice of Appeal of the Contempt Order (ECF No. 339) and a Motion to Stay Pending Appeal (ECF No. 340). The Court denied the Motion to Stay Pending Appeal (ECF Nos. 341 & 347). However, the District Court granted an Emergency Motion to Stay (ECF No. 352) that was filed in the appeal proceedings, and thus stayed all proceedings in the Bankruptcy Court.

On May 26, 2016, the Eleventh Circuit Court of Appeals dismissed for lack of jurisdiction the appeal of the District Court's Final Order affirming the Order Denying the Motion to Recuse (ECF No. 302), the Order Directing Filing of Trust Accounting Records (ECF No. 303), and the Order Denying the Motion to Reconsider the Order Denying the Motion to Recuse (ECF No. 307).

On February 14, 2020, the District Court entered a Final Order dismissing for lack of jurisdiction the appeal of the Contempt Order. (ECF No. 367).

Based on the dismissal of the appeal of the Contempt Order, the stay of the proceedings in the Bankruptcy Court has now ended and the issue of the accounting that was ordered in the Fee Application Order is still pending. It is therefore,

ORDERED that:

1. Tina M. Talarchyk is directed to "file and serve a complete accounting of all deposits into, and all disbursements from, the Talarchyk Merrill trust account referred to in the Retention Application [ECF 17] and any subsequent trust account(s), including without limitation those of Talarchyk Newburgh and The Talarchyk Firm, which relate in any way to the Debtor or the Debtor's Chapter 11 case." The accounting must include all relevant bank records and must be served upon all parties in interest and filed with the Court on or before March 9, 2020.

2. Failure to comply with this Order may result in appropriate sanctions, including, but not limited to, a suspension from practicing before this Court.

###

Copies Furnished To:
All Parties in Interest.